**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **PROMOTE INNOVATION LLC,** | § | |
| | § | **Case No. 2:10-cv-248-TJW** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SCHERING CORPORATION and** | § | **Jury Trial Demanded** |
| **MERCK & CO., INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**MERCK'S OPPOSED MOTION TO AMEND DOCKET CONTROL ORDER**

Schering Corporation and Merck & Co., Inc. (collectively, "Merck"), move to amend the December 15, 2010 Docket Control Order (the "DCO") because Promote Innovation LLC ("P.I.") injected substantial new issues in this case by amending its complaint last week.

Specifically, P.I. amended its complaint on January 19, 2011 to include a new allegation of false marking for U.S. Patent No. 6,100,274 (the '274 patent) on the label for Clarinex® Reditabs®, one of Merck's many products. Unlike the other patents that have been at issue in this case, the '274 patent has not yet expired. The inclusion of the '274 patent greatly increases the scope of the dispute, and effectively changes the nature of the case to a full-blown patent infringement style litigation that will require claim construction. Therefore, Merck requests that a patent infringement style docket be implemented and all deadlines currently scheduled be delayed by at least three (3) months.

P.I. initially represented to Merck that this case would be a straightforward expired patent marking dispute with limited issues and thus amenable to quick resolution. But P.I. waited until after the expedited DCO was entered and until the day after briefing on the Motion to Transfer was completed to amend its complaint.

Even though P.I. had access to the information reflected in its amended Complaint since it original filing on July 19, 2010, P.I. chose to wait 6 months.  P.I. also timed the filing of this amendment only five (5) days before the January 24th additional disclosure deadline,[1] after Merck had already engaged in document collection efforts.  Thus P.I.'s actions are likely to also increase the cost of litigation for Merck.

Although the Court perhaps has expedited other, more simple false marking cases, due to P.I.'s amendment, the Court's original DCO no longer works as contemplated by the parties.  With the addition of the '274 patent, the amount of time and effort required to prepare for trial increases dramatically.  For example, the scope of the '274 patent claims must now be determined, which will almost certainly require a claim construction hearing, and the extent to which to which the claims cover Merck's products must be

---

[1] The January 24th discovery deadline required the following production: (a) a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; (b) a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (c) those documents and authorizations described in Local Rule CV-34.

litigated.  All of this will necessitate the retention of technical experts and the drafting of expert reports.  Additional time for fact and expert discovery will also be necessary.

The decision to amend the Court's DCO is guided by Rule 16 of the Federal Rules of Civil Procedure.  Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."  The Fifth Circuit has explained the good cause standard as follows: "In determining good cause, we consider four factors: (1) the explanation for failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)

All factors favor amendment of the DCO in this case.  This request to amend the DCO is in direct response to and has been filed immediately following P.I.'s amendment to its complaint.  There has been no failure to timely move for leave to amend. Amending to the DCO is extremely important to accommodate the additional fact and expert discovery that will now be necessary and to allow for a claim construction hearing on the '274 patent.

The extension requested also will not prejudice P.I, as it was  P.I.'s own decision to belatedly expand this case.  Merck, on the other hand, will be severely prejudiced if this motion is not granted because the total discovery in this case will increase dramatically without allowing any additional time for completion.  And as noted in Merck's briefing regarding its motion to transfer (Dkt. No. 29, 40), the vast majority of the discovery burden falls on Merck in this case.  And finally, a continuance could not

cure any prejudice in this situation as Merck is requesting the extension of all the deadlines and inclusion of new events.

For the foregoing reasons, Merck respectfully requests that the Court grant this motion, enter a patent litigation style docket control order[2], and order the Parties to submit a complete Proposed Docket Control Order (with claim construction hearing) within 21 days.

Respectfully Submitted,

Dated: January 26, 2011

/s/ Harry L. Gillam, Jr.
Harry L. Gillam, Jr.
**GILLAM & SMITH, L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450

Nicolas G. Barzoukas
Joshua P. Davis
Audrey L. Maness
**WEIL, GOTSHAL & MANGES LLP**
700 Louisiana, Suite 1600
Houston, Texas 77002
(713) 546-5000

*Attorneys for Defendants Schering
Corporation and Merck & Co.*

---

[2] This Court's current median time to trial for patent cases is 822 days which would put the trial date on or about October 18, 2012.  This is 408 days after the current trial date.

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECP system per Local Rule CV-5(a)(3) on this the 26th day of January, 2011.


/s/ Harry L. Gillam, Jr.

## CERTIFICATE OF CONFERENCE

Counsel have complied with the meet and confer requirement in Local Rule CV-7(h).   The motion is opposed.   The personal conference required by the rule was conducted by telephone on January 22, 2011.  Counsel for Merck & Co. participating in the conference was Nicolas G. Barzoukas, Audrey L. Maness, and Joshua P. Davis from Weil, Gotshal & Manges LLP.  Counsel for Promote Innovation LLC participating in the conference was Matthew Antonelli from Antonelli, Harrington & Thompson LLP.  The discussion has conclusively ended at an impasse over any potential delay in the trial date.


/s/ Joshua P. Davis