**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | § | |
|---|---|---|
| PROMOTE INNOVATION LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:10-cv-248-TJW |
| SCHERING CORPORATION and | § | |
| MERCK & CO., INC., | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Before the Court is Defendants' Motion to Transfer Venue (Dkt. No. 29) and Defendants' Motion to Amend Docket Control Order (Dkt. No. 43). Defendants in this case include Schering Corporation ("Schering") and Merck & Co., Inc. ("Merck") (collectively "Defendants"). The Court, having considered the venue motion and the arguments of counsel, GRANTS the motion to transfer venue for Defendants to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by Plaintiff Promote Innovation LLC ("Promote"). *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d

304 (5th Cir. 2008) (en banc). Because the Court granted Defendants' Motion to Transfer Venue, Defendants' Motion to Amend Docket Control Order is DENIED AS MOOT.

## II.     Factual and Procedural Background

Promote is a Texas limited liability company with a principal place of business in Houston, Texas, which is situated within the Southern District of Texas. (Dkt. No. 1.) Merck & Co., Inc. is a New Jersey corporation with its principal place of business located in Whitehouse Station, New Jersey. (Billups Decl. at ¶ 3.) Schering Corporation is also a New Jersey corporation with its principal place of business located in Summit, New Jersey. *Id*.

Promote brought this action against Defendants for an alleged violation under 35 U.S.C. § 292 for false patent marking. Promote alleges that Defendants have marked and continue to mark their products, with expired or otherwise inapplicable patents. The present issue is Defendants' Motion to Transfer Venue. (Dkt. No 29.) The defendants move this Court to transfer venue in this case to the District of New Jersey. The following pages outline the Court's analysis.

## III.    Analysis

### A.      Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth Circuit and Federal Circuit have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant

demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314. This Court has confirmed that for cases alleging false patent marking, although the Plaintiff in these *qui tam* actions is bringing the lawsuit on behalf of the United States, the burden is the same in these cases as the burden announced in *Volkswagen II*. *See Texas Data Co., L.L.C. v. Target Brands, Inc.*, Civ. No. 2:10-cv-269-TJW, Dkt. No. 43 (E.D. Tex. Jan. 12, 2011) (J. Ward).

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.*

**B.     Proper Venue**

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagen I*, 371 F.3d at 203. Neither party disputes that this case could have been brought in

the District of New Jersey, and this Court agrees. Thus, the threshold determination is met in this case.

### C. Private/Public Interest Factor Analysis

At the outset, there are two overarching points confirming that the District of New Jersey is "clearly more convenient" than the Eastern District of Texas. First, there have been almost zero facts alleged that give a connection to the Eastern District of Texas. The only connection in the Eastern District of Texas is the fact that the products that have allegedly been falsely marked have been sold in the Eastern District of Texas.[1] Even the plaintiff itself is located in Houston, Texas, which is situated within the Southern District of Texas. Second, nearly all facts relevant to the venue transfer analysis show a closer connection with the District of New Jersey. Almost all the witnesses, sources of proof, and relevant material actions occurred in or near the District of New Jersey. Keeping these points in mind, the Court turns to the private and public factors to be considered in the venue transfer analysis.

*1. Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first private interest factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. The plaintiff's documents are located in Houston, Texas and are closer to the Eastern District of Texas. But the majority of relevant sources of proof in this case are in the custody of

---

[1] *But see Volkswagen II*, 545 F.3d at 318 (stating that interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests.).

Defendants given the nature of the false patent marking statute.[2] The vast majority of Defendants' documents are located in New Jersey. None of Defendants' documents are located in Texas. Thus, this factor favors transfer.

### 2. *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits the Court's absolute subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. This factor will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue. *See id.* This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *See id.* "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Following the reasoning stated in *Promote Innovations LLC v. Ortho-McNeil Pharmaceutical, LLC*, 2:10-cv-109 (E.D. Tex. Jan. 12, 2011), this factor considers only non-party witnesses. In other words, witnesses that are a party or a party's officers are not considered. In addition, current employees have an employment relationship with a party and should be considered party witnesses. *Accord Emanuel v. SPX Corp. OTC Tools Div.*, 6:09-cv-220, 2009 WL 3063322, at *5, n.2 (E.D. Tex. Sept. 21, 2009) ("Current OTC employees, however, appear to have an employment relationship with SPX and should be considered party witnesses.").

The parties have identified few potential witnesses that are non-party witnesses. The minimal number of non-party witnesses in this case is not surprising, however, given the context of

---

[2] The statute is "a criminal provision" and the primary focus of the statute is the conduct and intent of the defendant. *See* 35 U.S.C. § 292, Historical and Statutory Notes.

this case, which alleges a *qui tam* cause of action against Defendants for an alleged violation of 35 U.S.C. § 292 for false patent marking. In these types of case there are generally two central facts that give rise to Plaintiff's claim: (1) the markings on the products themselves; and (2) Defendants' intention with respect to those markings. Thus, it is logical for most of the witnesses in this case to be party witnesses because most of the relevant evidence in this case will likely revolve around the intent of Defendants and the action of the Defendants in marking their products.

Neither party has identified any potential non-party witnesses residing within 100 miles of Marshall, Texas. On the other hand, neither party has identified any potential non-party witnesses residing within 100 miles of the District of New Jersey—or any court within. Neither forum has any greater subpoena power in this case than the other. Therefore, this factor is neutral.

3.   *Cost of Attendance for Willing Witnesses*

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the District of New Jersey. The Court must consider the convenience of both the party and non-party witnesses. *Volkswagen I*, 371 F.3d at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009). As indicated above, the significant majority of potential witnesses in this case are located in or near New Jersey. The defendants name at least six witnesses in New Jersey that are "likely to have personal knowledge relevant to this lawsuit." (Billups Decl. at ¶¶ 5-9.) The defendants are not aware of any potential witnesses located in the Eastern District of Texas or within 100 miles of the Marshall Division. (*Id.*) In other cases, Promote has contended that the managing member of its company, Zachariah Harrington, will likely testify, and because he is located in Houston, it will inconvenience him to travel to the

District of New Jersey. The Court agrees that travelling to the District of New Jersey would be a greater inconvenience to Mr. Harrington. The defendants, however, have shown at least six witnesses that would be inconvenienced in traveling to the Eastern District of Texas compared to one witness from Plaintiff that would be inconvenienced travelling to the District of New Jersey. Further, none of the potential witnesses in this case is located within 100 miles of the Marshall Division courthouse. Thus, this factor favors transfer.

        4.    *Other Practical Problems*

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Judicial economy weighs against transfer when the Court already has familiarity with the case's factual issues. *Id.* Further, the Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)). Relating to this factor, Promote argues that Defendants' motion to transfer is untimely because it was not filed with "reasonable promptness." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The Court disagrees and further finds that any alleged prejudice would not be solely due to the purported delay in bringing the motion. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000) ("[A] Section 1404(a) transfer motion can technically be made at any time."). Defendants filed the Motion shortly after the Status Conference held on November 23, 2011, and none of the deadlines in the Docket Control Order have past. In fact, the Court granted Plaintiff's request for an extension of time to respond to

Defendants' Motion to Transfer. (Dkt. No. 35.) Because problems with judicial economy do not exist here, this factor is neutral.

     5.    *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *In re Genentech*, 566 F.3d at 1347. Plaintiff argues that transferring the case to New Jersey would dramatically delay the trial. Specifically, Plaintiff contends that the median time to trial in New Jersey is 40 months, which is beyond the current trial setting of September 2011. Given the potential delay, the Court agrees that this factor weighs against transfer.

     6.    *Local Interest*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

This case is like *TS Tech* because the only local interest is that the product at issue is sold in the Eastern District of Texas. *See In re TS Tech*, 551 F.3d at 1321. As in *TS Tech*, "[n]one of the companies have an office in the Eastern District of Texas; no identified witnesses reside in the Eastern District of Texas; and no evidence is located within the venue." *Id.* The plaintiff company does not even have an office in the Eastern District of Texas; instead, its office is in Houston in the Southern District of Texas. Further, in accordance with Fifth Circuit and Federal Circuit precedent, the fact that the allegedly falsely marked product is sold in the Eastern District

of Texas cannot, by itself, make the local interest factor weigh against transfer. *See id.* ("The vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"); *Volkswagen II*, 545 F.3d at 317-18.

In contrast, the District of New Jersey has a particularized interest in the resolution of this case. All the defendants in this case have their headquarters in New Jersey. The individuals responsible for making the decisions to mark the accused product with the patent are located in New Jersey. This is an important consideration because, as noted above, one of the key issues in a claim under 35 U.S.C. § 292 is the intent of the party marking the product with the patent. Thus, this factor weighs in favor of transfer.

7.   *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the District of New Jersey and the Eastern District of Texas are equally capable of applying the law regarding false patent marking claims; therefore, this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320.

8.   *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor is neutral.

**E.   The Court Grants Defendants' Motion to Transfer**

Considering all of the private and public interest factors, the defendants have met their burden of showing that the District of New Jersey is "clearly more convenient" than the Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 315. Three factors weigh in favor of transfer: relative ease of access to sources of proof, cost of attendance for willing witnesses, and local

interest.  On the other hand, only one factor weighs against transfer.  This factor, however, is the "most speculative" and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors."  *In re Genentech*, 566 F.3d at 1347.  Therefore, Defendants' motion to transfer venue is GRANTED.

**IV.   Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Transfer Venue to the District of New Jersey.

It is so ORDERED.

SIGNED this 14th day of February, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE